IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH-EMERSON, § <br> Institutional ID No. 2305284, § <br> SID No. 8041443, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:21-CV-013-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Christopher Smith-Emerson filed this 42 U.S.C. § 1983 action on January 21, 2021, complaining of events alleged to have occurred during his incarceration at the Texas Department of Criminal Justice, Jim Rudd Unit. ECF No. 1. Because Smith-Emerson has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.     Background**

On November 15, 2021, the United States District Judge transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 13. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Smith-Emerson's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address . . . [and that his] [f]ailure to file this notice may result in this case being dismissed for want of prosecution." ECF No. 6, at 2 ¶ 8 (dated Feb. 1, 2021). Smith-Emerson received a similar admonishment when

he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 5, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On November 16, 2021, the Court commenced its initial screening of Smith-Emerson's Complaint by entering an order requiring that certain persons and entities provide authenticated records related to Smith-Emerson's claims. ECF No. 14. After reviewing the records, the Court entered an order on February 14, 2022, requiring Smith-Emerson, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), and thereby provide the Court additional information concerning the factual basis of his claims to ensure adequate screening. ECF No. 15.

In its order directing him to complete the questionnaire, the Court admonished Smith-Emerson that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted). The Clerk mailed the order and questionnaire to Smith-Emerson's address on file with the Court. *See* "Clerk's Notice of delivery," dated Feb. 14, 2022.

Although mailed to Smith-Emerson's current address, Smith-Emerson has not returned the completed questionnaire, nor has it been returned as undeliverable. Further, Smith-Emerson has not provided a change of address to the Court. In this posture, the Court can only conclude that Smith-Emerson no longer wishes to pursue his claims.

## II.   Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from

2

the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Smith-Emerson's Complaint, ordered the production of authenticated records, and issued a questionnaire pursuant to applicable law. Smith-Emerson's failure to update his current mailing address or respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is essentially at the mercy of a litigant who refuses to either update the Court with his whereabouts or return the questionnaire, and thereby prevents the Court from effectively communicating with the party or further evaluating his claim. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g., Butler v. Maddox*, No. 5:21-CV-086-BQ, 2021 WL 6137188 (N.D. Tex. Dec. 8, 2021) (recommending dismissal for want of prosecution for failure to return questionnaire), *R. & R. adopted by* 2021 WL 6135326 (N.D. Tex. Dec. 29, 2021); *Miguel v. McLane*, No. 5:19-CV-199-BQ, 2021 WL 863213, at *2 (N.D. Tex. Feb. 4, 2021) (same), *R. & R. adopted by* 2021 WL 859138 (N.D. Tex. Mar. 8, 2021); *Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15, 2018) (same), *R. & R. adopted by* 2018 WL 1461842 (N.D. Tex. Mar. 22, 2018); *see also Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. July 5, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because Smith-Emerson has not responded to the questionnaire, and has wholly failed

to communicate with the Court in this action since May 20, 2021, this case is dismissed for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III.   Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Smith-Emerson's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 27, 2022.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**